UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRINCIE CHRISTIAN,

        Plaintiff,

v.

FIRST NATIONAL
COLLECTION BUREAU, INC.,

        Defendant.

_____/

## I.     Introduction

1.     This is an action for damages brought against a debt collector for violating the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan

Occupational Code ("MOC") M.C.L. § 339.901 *et seq.*

## II.     Jurisdiction

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C.

§ 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28

U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place

here.

## III.     Parties

3.     Plaintiff Princie Christian is an adult, natural person residing in Kent County,

Michigan. Ms. Christian is a "consumer" and "person" as the terms are defined and used in the

FDCPA. Ms. Christian is a "consumer," "debtor" and "person" as the terms are defined and used

in the MOC.

4.     Defendant First National Collection Bureau, Inc. ("FNCB"), also doing business in Michigan as First Collections of Nevada, Inc., is a Nevada corporation, with offices at 610 Waltham Way, McCarran, Nevada 89434. The registered agent for FNCB in Michigan is CSC Lawyers Incorporating Service (Company), 601 Abbott Road, East Lansing, Michigan 48823. FNCB uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. FNCB regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. FNCB is a "debt collector" as the term is defined and used in the FDCPA. FNCB holds a certificate of authority, granted by the State of Michigan, and pursuant to which FNCB transacts business and conducts affairs in Michigan for the expressly stated purpose of "Debt Collections." FNCB is a "collection agency" and "licensee" as the terms are defined and used in the MOC.

## IV.     Facts

5.     Ms. Christian had a credit card account (No. 5187202213662022) with Capital One Bank ("Capone") which she used to purchase goods and/or services for personal, family and household purposes. Any resulting obligation of Ms. Christian to pay money in connection with the account was a "debt" as the term is defined and used in the FDCPA and MOC.

6.     Ms. Christian allegedly failed to make payment on the account when due and the account allegedly went into default.

7.     Ms. Christian had a dispute with Capone regarding the account and the amount of the alleged debt.

8.     Ms. Christian refused to pay money to Capone in connection with the disputed account and alleged debt.

9.    Ms. Christian continues to dispute the alleged debt.  Ms. Christian continues to refuse to pay money to Capone or to any other entity in connection with the account.

10.    Ms. Christian has made no payment on the account to Capone or to any other entity since May of 2003.

11.    The account no longer is judicially enforceable by operation of the applicable statute of limitation.  Stated differently, the account and related debt are time-barred.

12.    Capone charged off the account.

13.    Capone sold all interest in the account and related, alleged debt to an entity named Zenith Acquisition Corp. ("Zenith").

14.    In or about January of 2012, Zenith, or a successor in interest to Zenith, sold all interest in the account and related, alleged debt to an entity named LVNV Funding LLC ("LVNV").

15.    LVNV paid less than five cents on the dollar for the charged-off, time-barred account.

16.    LVNV, through an affiliated entity named Resurgent Capital Services L.P., placed the account with FNCB for collection.

17.    In or about January of 2013, FNCB used an automated dialing system to place a telephone call to Ms. Christian and used a pre-recorded and/or computer generated voice to leave the following message on Ms. Christian's telephone answering machine:  "Hello.  We have attempted to reach Princie B. Christian several times regarding an important business matter.  We need to talk to someone today regarding this account.  Please press the 1 key now, or call us back at 1-800-824-6191."

18. Ms. Christian received and listened to the above-quoted message left on her telephone answering machine by FNCB.

19. FNCB placed the above-described telephone call to Ms. Christian and left the above-quoted message on Ms. Christian's telephone answering machine, in connection with efforts by FNCB to collect the alleged debt from Ms. Christian.

20. FNCB placed the above-described telephone call to Ms. Christian and left the above-quoted message on Ms. Christian's telephone answering machine, in connection with efforts by FNCB to induce Ms. Christian to place a return telephone call to FNCB so that FNCB could continue in its efforts to collect the alleged debt from Ms. Christian.

21. FNCB placed the above-described telephone call to Ms. Christian and left the above-quoted message on Ms. Christian's telephone answering machine, for the animating purpose of inducing Ms. Christian to pay the alleged debt.

22. The above-quoted message left by FNCB on Ms. Christian's telephone answering machine constituted a "communication" as the term is defined and used in the FDCPA and MOC.

23. FNCB in the above-quoted message left on Ms. Christian's telephone answering machine communicated information regarding the alleged debt directly and indirectly to Ms. Christian.

24. FNCB did not disclose in the above-quoted message it left for Ms. Christian on her telephone answering machine that FNCB was attempting to collect a debt from Ms. Christian and that any information obtained would be used for that purpose.

25. FNCB did not disclose in the above-quoted message it left for Ms. Christian on

her telephone answering machine that FNCB was a debt collector.

26.     FNCB violated the FDCPA by failing to disclose in the above-quoted message it left for Ms. Christian on her telephone answering machine that FNCB was attempting to collect a debt and that any information obtained would be used for that purpose. 15 U.S.C. § 1692e(11). *See, e.g., Joseph v. J.J. Mac Intyre Companies, L.L.C.,* 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.,* 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.,* 424 F.Supp.2d 643 (S.D.N.Y. 2006).

27.     FNCB violated the FDCPA by failing to disclose in the above-quoted message it left for Ms. Christian on her telephone answering machine that FNCB was a debt collector. 15 U.S.C. § 1692e(11). *See, e.g., Joseph v. J.J. Mac Intyre Companies, L.L.C.,* 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.,* 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.,* 424 F.Supp.2d 643 (S.D.N.Y. 2006).

28.     When FNCB left the above-described message for Ms. Christian on her telephone answering machine, FNCB and its management were aware of multiple, published federal district court opinions in which the courts have held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector and without disclosing that the caller is attempting to collect a debt and that any information obtained would be used for that purpose. *See Joseph v. J.J. Mac Intyre Companies, L.L.C.,* 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.,* 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.,* 424 F.Supp.2d 643 (S.D.N.Y. 2006).

29.     The FDCPA states that it is unlawful for a debt collector to place a telephone call without meaningful disclosure of the caller's identity. 15 U.S.C. § 1692d(6).

30.     FNCB placed a telephone call to Ms. Christian and left the above-quoted message for Ms. Christian on her telephone answering machine, without providing meaningful disclosure of the caller's identity, violating the FDCPA and Michigan law.

31.     FNCB did not reveal the purpose of its call in the above-quoted message left by FNCB for Ms. Christian on her telephone answering machine.

32.     FNCB concealed the purpose of its call in the above-quoted message left by FNCB for Ms. Christian on her telephone answering machine.

33.     FNCB did not reveal and concealed the purpose of its call in the above-quoted message left by FNCB for Ms. Christian on her telephone answering machine, which violated the MOC, M.C.L. § 339.915(e).

34.     In the one-year period immediately preceding the filing of this complaint, FNCB in connection with efforts to collect consumer debts, placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers, and left one or more recorded messages on the voice mail machine or telephone answering machine of the person called, without disclosing in the message that FNCB was attempting to collect a debt and that any information obtained would be used for that purpose.

35.     In the one-year period immediately preceding the filing of this complaint, FNCB in connection with efforts to collect consumer debts, placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers, and left one or more recorded messages on the voice mail machine or telephone answering machine of the person called, without disclosing in the message that the telephone call was from a debt collector.

36.     In the four-year period immediately preceding the filing of this complaint, FNCB

6

in connection with efforts to collect consumer debts, placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers, and left one or more recorded messages on the voice mail or telephone answering machine of the person called, without revealing in the message the purpose of the telephone call.

37.     In the four-year period immediately preceding the filing of this complaint, FNCB in connection with efforts to collect consumer debts, placed telephone calls to more than one hundred persons with Michigan addresses and Michigan telephone numbers, and left one or more recorded messages on the voice mail or telephone answering machine of the person called, and concealed the purpose of the telephone call.

38.     FNCB has been sued multiple times in various United States District Courts for allegedly violating the FDCPA when collecting consumer debts by allegedly leaving voice messages for consumers without disclosing in the message that FNCB is a debt collector.

39.     On January 29, 2013, Ms. Christian placed a call to telephone number 800-824-6191. The call was answered by a female FNCB employee. The FNCB employee stated that FNCB was recording the conversation. Ms. Christian gave the FNCB employee permission to speak with her grandson regarding her affairs. In the ensuing conversation between the FNCB employee and Ms. Christian's grandson, the FNCB employee made the following representations:

a)      FNCB had been calling Ms. Christian in connection with efforts to collect a debt in the amount of $1,605.93 owed by Ms. Christian on a Capital One Bank MasterCard account opened by Ms. Christian in 2003.

b)      "She owes Capital One for the MasterCard that she opened back in 2003."

7

c)      "The original card number is 5187202213662022."

d)      "The last time she made a payment was May of 2003."

e)      FNCB was collecting the debt for "Capital One."

f)      "She pays the collection agency here. Capital One turned her over to collections. Which means they no longer have the account now because it is in collections."

40.      On January 29, 2013, Ms. Christian placed a telephone call to Capone's credit card customer service department (800-955-7070) to determine whether FNCB was in fact collecting the debt on behalf of Capone as represented to Ms. Christian's grandson by the FNCB employee. In the ensuing conversation, the Capone employee stated that FNCB was not collecting the debt on behalf of Capone for the reason that Capone had sold all interest in the account and related debt to Zenith Acquisition Corp. with a telephone number of 800-479-6011.

41.      On January 29, 2013, Ms. Christian placed a telephone call to Zenith Acquisition Corp. at 800-479-6011 and spoke with a Zenith representative. In the ensuing conversation, the Zenith representative stated that all interest in Ms. Christian's account and related debt was sold to LVNV Funding LLC in January of 2012.

42.      FNCB and its employee falsely represented and falsely implied to Ms. Christian that Capone had placed Ms. Christian's account and related debt with FNCB for collection.

43.      FNCB and its employee falsely represented and falsely implied to Ms. Christian that FNCB was attempting to collect Ms. Christian's account and related debt on behalf of Capone.

44.      FNCB and its employee falsely represented and falsely implied to Ms. Christian that Capone was the current owner of Ms. Christian's account and related debt.

8

45. It is unlawful for a debt collector to make a false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

46. It is unlawful for a debt collector to communicate or threaten to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. 15 U.S.C. § 1692e(8).

47. It is unlawful for a debt collector to use "any false representation or deceptive means to collect or attempt to collect any debt. . . ." 15 U.S.C. § 1692e(10).

48. It is unlawful for a debt collector to use any business, company, or organization name other than the true name of the debt collector's business, company, or organization. 15 U.S.C. § 1692e(14).

49. FNCB and its employee violated the FDCPA, 15 U.S.C. § 1692e(2)(A), (8), (10) and (14).

50. The least sophisticated consumer in deciding whether to pay an alleged debt would want to know whether the debt had been sold by the original creditor to a third party. The least sophisticated consumer in deciding whether to pay money to a debt collector to satisfy an alleged debt, would want to know whether the debt collector represents the original creditor or some other, unknown, third party. The least sophisticated consumer in deciding whether to pay money to a debt collector to satisfy an alleged debt, would want to know the true identity of the debt collector's client, so that the least sophisticated consumer could determine whether to demand proof of the debt's ownership. Stated differently the false representations and false implications made by FNCB and its employee in connection with efforts to collect the alleged debt from Ms. Christian were material misrepresentations. *Wallace v. Washington Mutual Bank,*

9

*F.A.*, 683 F.3d 323 (6th Cir. 2012) (The debt collector's false representation of the name and identity of the current owner of the debt was a material misrepresentation and violated the FDCPA).

51.     The FDCPA states in part, "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

52.     FNCB, to increase its business and profits, has knowingly chosen to use debt collection practices that violate the FDCPA and Michigan law, to the competitive disadvantage of those debt collectors who have chosen to abide by the law and refrain from using those same unlawful debt collection practices.

53.     The acts and omissions of FNCB and its employees done in connection with efforts to collect the alleged debt from Ms. Christian were done intentionally and willfully.

54.     FNCB and its employees intentionally and willfully violated the FDCPA and MOC.

55.     As an actual and proximate result of the acts and omissions of FNCB and its employees, plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, stress, mental anguish, emotional stress, acute embarrassment, anxiety, loss of sleep, and suffering, for which she should be compensated in an amount to be established by jury and at trial.

10

## V.     Claims for Relief

### Count 1 – Fair Debt Collection Practices Act

56.     Plaintiff incorporates the foregoing paragraphs by reference.

57.     Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a)     Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

b)     Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)     Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

58.     Plaintiff incorporates the foregoing paragraphs by reference.

59.     Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a)     Defendant violated M.C.L. § 339.915(a) by communicating with a debtor in a misleading or deceptive manner;

b)     Defendant violated M.C.L. § 339.915(e) by concealing or not revealing the

11

purpose of a communication when it is made in connection with collecting a debt;

c)      Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

d)      Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened, and (ii) the legal rights of a creditor or debtor;

e)      Defendant violated M.C.L. § 339.915(g) by communicating with a debtor without accurately disclosing the caller's identity; and

f)      Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)      Actual damages pursuant to M.C.L. § 339.916(2);

b)      Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)      Statutory damages pursuant to M.C.L. § 339.916(2); and

d)      Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: January 30, 2013

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

12